**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

NICOLA COLELLA, on behalf of himself and classes
of those similarly situated,

                                       Plaintiff,

                  -against-

NEW YORK CITY TRANSIT AUTHORITY and
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY,

                             Defendants.

--------------------------------------------------------------------x

Case No.: 12-cv-6041 (GBD)(MHD)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS NON-COMPLIANT OPT-IN PLAINTIFFS

Defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (together the "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Non-Compliant Opt-In Plaintiffs from this case with prejudice pursuant to Rule 37(b)(2)(A) and Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendants move to dismiss Opt-In Plaintiffs Robert Watkis ("Opt-In Plaintiff Watkis") and Michael Outlar ("Opt-In Plaintiff Outlar") (together "Non-Compliant Opt-In Plaintiffs") because they failed to appear for their duly noticed depositions and have not responded to their attorneys.  Based on all of the relevant facts, dismissal of the Non-Compliant Opt-In Plaintiffs with prejudice is warranted.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 7, 2012, Plaintiff Nicola Colella ("Named Plaintiff") filed the Complaint in the United States District Court for the Southern District of New York for alleged unpaid wages against Defendants on behalf of himself and all others who performed work as Line and Maintenance Supervisors in the three years prior to the filing of the Complaint. DKT 1. On April 10, 2014, Magistrate Judge Dolinger ordered that a Notice of Wage & Hour Lawsuit as amended by the Court ("the Notice") be mailed to all current and former employees of Defendants who performed work as Line Supervisors or Maintenance Supervisors within the

department of buses from August 7, 2009 through April 10, 2014.  DKT 42.  Plaintiffs' counsel subsequently mailed the Notice and 42 individuals opted into the case.[1]

During a status conference on September 19, 2014, Magistrate Judge Dolinger directed all Opt-In Plaintiffs to respond to written discovery by October 3, 2014 or be subject to a motion to dismiss for failure to do so.  See Ekelman Decl., Exhibit "C" at pp. 7, 18.  Thereafter, on October 29, 2014, Defendants made a Motion to Dismiss those Opt-In Plaintiffs who failed to respond to discovery requests as directed by this Court.  See DKT 101.  On December 2, 2014, Magistrate Judge Dolinger issued a Report & Recommendation finding dismissal of 20 of the 43 Opt-In Plaintiffs was appropriate.  DKT 114.  Following the next status conference on November 19, 2014, Magistrate Judge Dolinger issued an Order directing that Named Plaintiff and all of the Opt-In Plaintiffs should be deposed by January 31, 2015.  DKT 113.  Thereafter the Parties conferred regarding dates for the depositions of the Opt-In Plaintiffs.  See Ekelman Decl. at ¶ 5.  On January 8, 2015, Defendants served the Non-Compliant Opt-In Plaintiffs with Notices of Deposition.  See Notices of Deposition attached to the Declaration of Felice B. Ekelman, Esq. In Support of Defendants' Motion to Dismiss Non-Compliant Opt-In Plaintiffs ("Ekelman Decl."), Exhibits "A" and "B."  Opt-In Plaintiff Watkis's deposition was noticed for January 20, 2015 at 1:30 p.m., and Opt-In Plaintiff Outlar's deposition was noticed for January 22, 2015 at 1:30 p.m.  Prior to these depositions, Plaintiffs' counsel advised Defendants' Counsel that the Non-Complaint Opt-In Plaintiffs had not responded to Plaintiffs' counsel's communications.  See Ekelman Decl. at ¶ 6.

---

[1] See DKT 46-77, 79-89.  Opt-In Plaintiff Victor Spinelli ("Opt-In Plaintiff Spinelli") opted into the case prior to the Notice being sent.  DKT 30.  Therefore, beyond the Named Plaintiff, there are 43 opt-In plaintiffs including Opt-In Plaintiff Spinelli.

Opt-In Plaintiff Watkis did not appear for his deposition on January 20th. Plaintiffs' counsel stated on the record that Opt-In Plaintiff Watkis had not responded to counsel despite repeated efforts to contact him.  See Ekelman Decl., Exhibit "A" at pp. 3-4.  Similarly, Opt-In Plaintiff Outlar did not appear for his deposition on January 22nd.  Plaintiffs' counsel stated on the record that Opt-In Plaintiff Outlar had not responded to counsel despite repeated efforts to contact him.  See Ekelman Decl., Exhibit "B" at pp. 3-4.

## LEGAL STANDARD

Rule 37(d) of the Federal Rules of Civil Procedure authorizes a range of sanctions, including dismissal, which may be imposed on a party for failing to attend its own deposition.  Dauphin v. Chestnut Ridge Transp., Inc., 06 Civ. 2730 (SHS) (MHD), 2009 U.S. Dist. LEXIS 131881 at *4 (S.D.N.Y. Dec. 10, 2009).  The Court has wide discretion to impose sanctions under Rule 37.  Ruiz v. Citibank, N.A., 10 Civ. 5950 (KPF) (RLE), 10 Civ. 7304 (KPF) (RLE), 2014 U.S. Dist. LEXIS 116613 (S.D.N.Y. June 6, 2014).  In deciding whether to dismiss a party from an action with prejudice for non-compliance, courts look to the following factors: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance; and (4) whether the non-compliant party has been warned of the consequence of noncompliance.  Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d. Cir. 2009).

## ARGUMENT

## THE NON-COMPLIANT OPT-IN PLAINTIFFS SHOULD BE DISMISEED WITH PREJUDICE

Here, dismissal of the Non-Compliant Opt-Ins with prejudice is appropriate.  The Non-Compliant Opt-In Plaintiffs were properly noticed to be deposed within the time limitation

prescribed by the Court, failed to appear, and never responded to their attorneys despite repeated attempts to contact them about the depositions.  <u>See</u> Ekelman Decl., Exhibits "A" and "B." Lesser sanctions than dismissal are not appropriate as they would do nothing more than prolong discovery unnecessarily.[2]  <u>See</u> Ekelman Decl., Exhibits "A" and "B" at pp. 3-4).  Dismissal is particularly appropriate since Magistrate Judge Dolinger previously advised the plaintiffs about the consequences of failing to comply with their discovery obligations (<u>see</u> Ekelman Decl., Exhibit "C" at pp. 7, 18), and directed that all of the Opt-In Plaintiffs should be deposed by January 31, 2015 (<u>see</u> DKT 113).  As the Non-Compliant Opt-In Plaintiffs have not responded to their attorneys, allowing the Non-Compliant Opt-In Plaintiffs to remain in the case would either "delay adjudication of the claims of the appearing plaintiffs or else compel the court to split the case into separate segments, to the prejudice of court efficiency and in derogation of the policy of ensuring speedy disposition of civil cases."  <u>See</u> <u>Dauphin</u>, 2009 U.S. Dist. LEXIS 131881 at *7-8 (citing Fed. R. Civ. P. 1 setting forth the goal of "just, speedy, and inexpensive determination of every action" and 28 U.S.C. § 471 requiring federal courts to develop civil justice expense and delay reduction plan to "ensure just, speedy and inexpensive resolutions of civil disputes").

Allowing the Non-Compliant Opt-In Plaintiffs to remain in the case would also "irremediably prejudice defendants since they would be forced to proceed with their defense while deprived of the opportunity to question these individuals" and would "reflect a perverse result since [the Non-Compliant Opt-In Plaintiff] have not even bothered to stay in touch with their counsel."  <u>Id</u>. at *8.  Accordingly, dismissal of the Non-Compliant Opt-Ins from the case

---

[2] Discovery closes on March 15, 2015 (DKT 113), and the parties have 30 scheduled depositions to complete by that deadline.

with prejudice is warranted. See e.g., Padilla v. Maersk Line, Ltd., 07 Civ. 3638 (RMB) (THK), 2012 U.S. Dist. LEXIS 12973 at *3 (S.D.N.Y. Jan. 30, 2012) (dismissal of class members with prejudice for failure to appear for duly noticed depositions where Plaintiffs' counsel was unable to effectuate communication with the referenced individuals); Dauphin v. Chestnut Ridge Transp., Inc., 06 Civ. 2730 (SHS) (MHD), 2009 U.S. Dist. LEXIS 131881 at *4 (S.D.N.Y. Dec. 10, 2009) (same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Non-Compliant Opt-Ins with prejudice.

Dated: New York, New York
          January 28, 2015

                                Respectfully submitted,

                                JACKSON LEWIS P.C.
                                *ATTORNEYS FOR DEFENDANTS*
                                666 Third Avenue, 29th Fl.
                                New York, New York 10017
                                (212) 545-4000

                   By:    /s/ Felice B. Ekelman
                          FELICE B. EKELMAN, ESQ.
                          JASON A. ZOLDESSY, ESQ.
                          DOUGLAS J. KLEIN, ESQ.