UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

NICOLA COLELLA, *on behalf of himself and classes of those similarly situated*, et al.,

                              Plaintiffs,

         -against-

NEW YORK CITY TRANSIT AUTHORITY and
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,

                              Defendants.

------------------------------------ x



MEMORANDUM DECISION
AND ORDER

12 Civ. 6041 (GBD) (MHD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, seeking to recover unpaid compensation allegedly due. (Compl., ECF No. 1.) Defendants move under Federal Rule of Civil Procedure 37(b)(2) to dismiss certain "non-compliant" opt-in plaintiffs, and for an award of attorneys' fees and costs incurred in connection with this motion. (Mot., ECF No. 101.) On December 2, 2014, Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report") in which he recommended that defendants' motion be granted for twenty out of the twenty-one opt-in plaintiffs at issue, and that the request for attorneys' fees and costs be denied. (*See* Report at 11, 20, ECF No. 114.) This Court adopts the Report's recommendations to dismiss nineteen of the plaintiffs.

## FACTUAL BACKGROUND

Between April 17 and August 20, 2014, defendants served interrogatories and requests for production upon the opt-in plaintiffs.[1] (Report at 2.) During a conference with the parties,

---

[1] The names of the twenty-one opt-in plaintiffs at issue are as follows: (1) Lester Haynes; (2) Thomas Mascia; (3) Michael Reid; (4) Richard J. Dempsey; (5) Efrain Ortiz, Jr.; (6) John A. Villa; (7) Daniel Nadal; (8) William

Magistrate Judge Dolinger set October 3, 2014 as the deadline for the provision of full discovery responses because plaintiffs had not responded to these requests. (*See id.* at 3.) At this conference, Magistrate Judge Dolinger expressly stated that he would likely recommend dismissal of the uncooperative plaintiffs if discovery responses were not timely served by this date. (*Id.* at 3.)[2] Despite plaintiffs' counsel's efforts to contact the opt-in plaintiffs, the defendants' requests went unanswered, and defendants subsequently moved to dismiss these opt-in plaintiffs. (*Id.* at 3-4.)

## STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a

---

Bennett; (9) Thomas Scaccianoce; (10) Antonio Bustillo; (11) Vincent Crawford; (12) Murshid Alladeen; (13) Michael Cirminiello; (14) Dorothy DiMaggio, on behalf of the Estate of John DiMaggio; (15) Gladstone Dawson; (16) Jasper Freeman; (17) Andres Gonzalez; (18) David Portalatin; (19) Richard Raiano; (20) Ignacio Tiongson; and (21) Steven Alesci.

[2] *See also* September 19, 2014 Transcript at 18:3-9, ECF No. 96 ("What I anticipate is simply that if the time passes with no further information from [the opt-in plaintiffs], the defendants will make a short, simple, slimmed-down formal application to dismiss them from the case. . . . And you can assume that motion will be granted . . . .").

Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

Magistrate Judge Dolinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 22-23); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiffs' counsel timely filed objections to the Report, contesting the recommendation to dismiss six opt-in plaintiffs: Andres Gonzalez, Gladstone Dawson, Jasper Freeman, David Portalatin, Richard Raino, and Ignacio Tiongson. (*See* Pl.'s December 15, 2014 Objections ("Obj. I") ¶¶ 7, 10-11, ECF No. 118.) Plaintiffs' counsel contends that Andres Gonzalez should not be dismissed from this action because, following an initial misunderstanding, Mr. Gonzalez "immediately responded to the discovery requests," which were served on November 24, 2014. (*Id.* ¶¶ 7, 10.) Additionally, plaintiffs' counsel argues that the other five opt-in plaintiffs should likewise not be dismissed because these plaintiffs "should be given similar leeway *in the event* that they too had any confusion (through no fault of their own) regarding discovery and their obligations in this case." (*Id.* ¶ 11 (emphasis added).) In response, defendants argue that this Court should review the Report for clear error in light of plaintiffs' conclusory objections, and that the Report should be adopted in full. (Def.'s Reponse to Objections ("Obj. II") ¶¶ 9-10, 13, ECF No. 121.)

Plaintiffs' vague objections concerning Gladstone Dawson, Jasper Freeman, David Portalatin, Richard Raino, and Ignacio Tiongson do not meet the criteria for *de novo* review. The objections merely suggest that a misunderstanding *may* have prevented these five opt-in plaintiffs from satisfying their discovery obligations. They offer no specific explanation regarding the substance of any potential misunderstandings, let alone when these plaintiffs would comply with the outstanding discovery requests. This Court therefore reviews the Report for clear error. *See*

*Berman v. Neo@Ogilvy LLC*, No. 1:14-cv-523-GHW-SN, 2014 WL 6860583, at *2 (S.D.N.Y. Dec. 5, 2014) (internal quotation marks omitted) ("To accept those portions of the report to which no objection has been made, or where a party makes only conclusory or general objections, or simply reiterates his original arguments, a district court reviews the report only for clear error.") However, because plaintiffs' objections concerning Andres Gonzalez are "clearly aimed at" the Report's recommendation to dismiss, and raise an argument based on facts that were not before the Magistrate Judge, this Court will review the Report's recommendation as to Mr. Gonzalez *de novo*. *See id.*

I.      UNDISPUTED OPT-IN PLAINTIFFS

Magistrate Judge Dolinger correctly recommended that fourteen of the opt-in plaintiffs should be dismissed from this case. (*See* Report at 11.) These plaintiffs informed plaintiffs' counsel that they now wish to opt out, and plaintiffs do not object to their dismissal. (*Id.* at 5; *see also* Obj. I ¶ 3.) Accordingly, plaintiffs Lester Haynes, Thomas Mascia, Michael Reid, Richard J. Dempsey, Efrain Ortiz, Jr., John A. Villa, Daniel Nadal, William Bennett, Thomas Scaccianoce, Antonio Bustillo, Vincent Crawford, Murshid Alladeen, Michael Cirminiello, and Dorothy DiMaggio, on behalf of the Estate of John DiMaggio, are hereby dismissed from this case.

Additionally, the Report found that plaintiff Steven Alesci should remain in this case because he ultimately responded to the discovery requests on November 12, 2014, and therefore the harsh remedy of dismissal was unwarranted. (Report at 18.) Defendants have indicated that "[t]here is no dispute regarding Magistrate Judge Dolinger's recommendation[] that Opt-In Plaintiff Steve[n] Alesci not be dismissed as a party plaintiff." (Obj. II ¶ 8 n.1.) As a result, this Court does not dismiss Steven Alesci from this case.

## II.     DISPUTED OPT-IN PLAINTIFFS

The Report recommended that the remaining six opt-in plaintiffs—Andres Gonzalez, Gladstone Dawson, Jasper Freeman, David Portalatin, Richard Raiano, and Ignacio Tiongson—be dismissed pursuant to Rule 37(b)(2)(A) for their "fail[ure] to obey an order to provide or permit discovery." (*See* Report at 12-16.)  This finding remains correct as to five of the six opt-in plaintiffs (Gladstone Dawson, Jasper Freeman, David Portalatin, Richard Raiano, and Ignacio Tiongson). These five plaintiffs should therefore be dismissed.

Under Rule 37(b)(2)(A), noncompliance with discovery orders can result in the court's issuance of "further just orders," such as the "dismiss[al of] the action or proceeding in whole or in part." *See* Fed. R. Civ. P. 37(b)(2)(A)(v). "Imposing sanctions pursuant to Rule 37 'is within the discretion of the district court['] . . . ." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). In exercising this discretion, a district court considers several factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Valentini v. Citicorp Fin. Servs. Corp.*, No. 13-4780-cv, 2014 WL 7234576, at *1 (2d Cir. Dec. 19, 2014) (quoting *SEC v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013)).

Magistrate Judge Dolinger's application of these factors to the five opt-in plaintiffs referenced above was not in error. As described in the Report: (1) these plaintiffs "appear to be deliberately disregarding their discovery obligations" by failing to respond by the court-ordered deadline of October 3, 2014; (2) lesser sanctions would be ineffective, given these plaintiffs' decision not to pursue this litigation; (3) the period of noncompliance has been sufficiently lengthy,

spanning between three to over four months;[3] and (4) all parties were clearly informed by Magistrate Judge Dolinger that a motion to dismiss opt-in plaintiffs who did not comply with the October 3, 2014 deadline would be granted. (*See* Report at 13-16.) Because all of these factors weigh in favor of dismissal, plaintiffs Gladstone Dawson, Jasper Freeman, David Portalatin, Richard Raiano, and Ignacio Tiongson are hereby dismissed from this case.

Upon *de novo* review, this Court finds that plaintiff Andres Gonzalez should remain in this action. According to Plaintiffs, Mr. Gonzalez "contacted counsel on November 21, 2014" and explained that he "did not understand that he had to respond to counsel's efforts to contact him." (Obj. I ¶ 7.) The parties agree that Mr. Gonzalez served responses to the discovery requests three days later, on November 24, 2014. (*Id.*; Obj. II ¶ 5.) The Report's recommendation with regards to plaintiff Steven Alesci—that dismissal would be inappropriate, even though Mr. Alesci's November 12, 2014 responses to the discovery requests were untimely (*see* Report at 18-19)—can be extended to Mr. Gonzalez's situation, as he responded to the outstanding requests a mere twelve days after Mr. Alesci. This Court further observes that defendants do not protest the sufficiency of Mr. Gonzalez's discovery responses. Because dismissal under Rule 37 "is a drastic remedy that should be imposed only in extreme circumstances," *John B. Hull*, 845 F.2d at 1176, and because Mr. Gonzalez has evidenced his intention to participate, he should not be dismissed from this case.

### III. ATTORNEYS' FEES AND COSTS

Magistrate Judge Dolinger properly concluded that defendants should not be awarded attorneys' fees and costs incurred in connection with their motion to dismiss. (*See* Report at 20-21.) Rule 37(b)(2)(C) provides for the recovery of expenses caused by an opposing party's failure

---

[3] As of the date of this Order, "other than Andres Gonzalez, no other Non-Compliant Opt-In Plaintiff whom Magistrate Judge Dolinger recommended be dismissed has responded to Defendants' written discovery requests." (*See* Obj. II ¶ 7.)

6

to comply with a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Report reasoned that an award of expenses to defendants would be "unjust" because: (1) the defendants' "woeful" performance in discovery required plaintiffs "to spend at least as much attorney time as the defendants expended on the current motion"; (2) the opt-in plaintiffs, who were not original plaintiffs in the action, did not impose significant expenses upon the defendants; and (3) the plaintiffs should not be penalized by opt-in plaintiffs who later decide not to participate in the case, as the FLSA's authorization of a collective action is designed to encourage participation by affected employees. (*See* Report at 16-17, 20-21.) These reasons support a finding that an award of expenses would be unjust, and defendants' motion for attorneys' fees and costs is denied.

## CONCLUSION

Magistrate Judge Dolinger's December 2, 2014 Report and Recommendation is adopted to the extent that Defendants' motion to dismiss is GRANTED insofar as plaintiffs Lester Haynes, Thomas Mascia, Michael Reid, Richard J. Dempsey, Efrain Ortiz, Jr., John A. Villa, Daniel Nadal, William Bennett, Thomas Scaccianoce, Antonio Bustillo, Vincent Crawford, Murshid Alladeen, Michael Cirminiello, Dorothy DiMaggio (on behalf of the Estate of John DiMaggio), Gladstone Dawson, Jasper Freeman, David Portalatin, Richard Raiano, and Ignacio Tiongson are DISMISSED from this case. Defendants' motion for attorneys' fees and costs is hereby DENIED. The Clerk of the Court is directed to close the motion at ECF No. 101.

Dated: New York, New York
March 3, 2015

SO ORDERED.

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge