```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
NICOLA COLELLA, on behalf of
himself and classes of those       :
similarly situated, et al.,           REPORT & RECOMMENDATION
                                   :
            Plaintiffs,               12 cv. 6041 (GBD)(MHD)
                                   :
       -against-
                                   :
NEW YORK CITY TRANSIT AUTHORITY
and MANHATTAN AND BRONX SURFACE    :
TRANSIT OPERATING AUTHORITY,
                                   :
            Defendants.
----------------------------------x
```

3/16/15

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Defendants in this collective action brought under the Fair Labor Standard Act, 29 U.S.C. § 201 et seq., have moved to dismiss with prejudice two more opt-in plaintiffs for non-participation. (See docket nos. 128-33, 135-36). They initially targeted Messrs. Robert Watkis and Michael Outlar (see Defts' Memo at 1), but have since withdrawn their motion with respect to Mr. Watkis, who failed to appear for his originally scheduled deposition but belatedly appeared for a rescheduled deposition on February 11, 2015. (Defts' Reply Memo at 1. See Schragin Decl. ¶ 8). We recommend that the motion be granted with respect to Mr. Outlar.

The background to this lawsuit and its course, as well as the

1

pertinent legal criteria, were described in sufficient detail in our December 2, 2014 Report and Recommendation ("Dec. 2, 2014 R&R" [docket no. 114]), which addressed a similar dismissal motion targeting a number of other opt-ins, and the details will not be repeated here. It suffices to note that, like Mr. Watkis, Mr. Outlar failed to appear for his deposition, which had been scheduled for January 22, 2015. (Shragin Decl. ¶ 5). He contacted his attorney on January 27, 2015 and indicated that he was still interested in pursuing this case, but, unlike Mr. Watkis, he offered no indication of when he would be available for a deposition. (Id. at ¶ 6). At a telephone conference conducted with the court on March 13, 2015, plaintiffs' counsel reported that they had not heard since from Mr. Outlar and were withdrawing their objection to the dismissal motion insofar as it targeted Mr. Outlar.

Since this opt-in plaintiff has apparently ceased all cooperation with his counsel and has apparently deliberately failed to appear for a deposition, we conclude that dismissal of him is appropriate (See Dec. 2, 2014 R&R at 12-14).

CONCLUSION

For the reasons stated, we recommend that defendants' motion to dismiss be granted.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable George B. Daniels, Room 1310, 500 Pearl Street, New York, New York, 10007-1312, and to the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007-1312. Failure to file timely objections may constitute a waiver of those objections, both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 474 U.S. 140 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d. Cir. 2000) (citing Small v. Sec'y. of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

**Dated:    New York, New York**
**March 16, 2015**

_____
**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**

Notice of this foregoing Report & Recommendation has been provided to counsel through ECF.