UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

NICOLA COLELLA, *on behalf of himself and classes of those similarly situated*, et al.,

                                  Plaintiffs,

                    -against-

NEW YORK CITY TRANSIT AUTHORITY and
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,

                                Defendants.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

12 Civ. 6041 (GBD) (MHD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, seeking to recover unpaid compensation allegedly due. (Compl., ECF No. 1.) Defendants move under Federal Rule of Civil Procedure 37(b)(2)(A) and Rule 37(d)(1)(A)(i) to dismiss opt-in plaintiff Michael Outlar based on his failure to appear for his duly noticed deposition. (Mot., ECF No. 128; Mem. in Support of MTD, ECF No. 129.)[1] At a March 13, 2015 telephone conference with Magistrate Judge Michael H. Dolinger, Plaintiffs' counsel represented that Plaintiff Outlar had not communicated with counsel since January 27, 2015 and that they were withdrawing their objection to Defendants' motion to dismiss as it pertained to this particular plaintiff.[2] On March 16, 2015, Magistrate Judge Dolinger issued a Report and Recommendation ("Report") in which he recommended that Defendants' motion be granted insofar as Plaintiff

---

[1] Defendants initially moved to dismiss Plaintiff Robert Watkis in addition to Plaintiff Outlar; however, they have since withdrawn their motion as to Plaintiff Watkis. (*See* Reply, ECF No. 135 at 1.)

[2] (*See* March 16, 2015 Report and Recommendation at 2, ECF No. 140.)

Outlar should be dismissed for his failure to appear at his deposition and to cooperate with Plaintiffs' counsel. (*See* Report at 2, ECF No. 140.)

Having reviewed the Report for clear error,[3] this Court adopts the Report's recommendation in full. Plaintiff Michael Outlar is hereby DISMISSED as a named opt-in plaintiff from this action. The Clerk of the Court is directed to close the motion at ECF No. 128.

Dated: New York, New York
March 17, 2015

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[3] This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

2