UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICOLA COLELLA, *on behalf of himself and classes of those similarly situated*, et al.,

                                Plaintiffs,

              -against-

NEW YORK CITY TRANSIT AUTHORITY and
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,

                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

12 Civ. 6041 (GBD) (MHD)

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, seeking to recover unpaid compensation allegedly due. (Compl., ECF No. 1.) Defendants move under Federal Rule of Civil Procedure 37(b)(2)(A), Rule 37(d)(1)(A)(i), and Rule 41(b) to dismiss opt-in plaintiffs Luis Corretjer and John DeGaglia based on their failure to appear for their duly noticed depositions and to respond to their attorneys. (Mot., ECF No. 142; Mem. in Support of MTD, ECF No. 143.) By letter dated April 2, 2015, Plaintiffs' counsel advised Magistrate Judge Michael H. Dolinger that these two plaintiffs "have confirmed . . . that they no longer wish to participate in this lawsuit" and that Plaintiffs' counsel "d[id] not intend to file an opposition to the motion to dismiss Plaintiffs John DeGaglia and Luis Corretjer." (Attachment 1 to April 6, 2015 Report and Recommendation, ECF No. 145.) On April 6, 2015, Magistrate Judge Dolinger issued a Report and Recommendation in which he recommended that Defendants' motion be granted due to these plaintiffs' non-participation. (*See* Report at 1, ECF No. 145.)

Having reviewed the Report for clear error,[1] this Court adopts the Report's recommendation in full. Plaintiffs Luis Corretjer and John DeGaglia are hereby DISMISSED as named opt-in plaintiffs from this action. The Clerk of the Court is directed to close the motion at ECF No. 142.

Dated: New York, New York
April 9, 2015

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).